IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **IMPLICIT, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:18-cv-53-JRG |
| v. | § | LEAD CASE |
| | § | |
| **NETSCOUT SYTEMS, INC.,** | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

## JOINT MOTION FOR ENTRY OF DISPUTED DISCOVERY ORDER

Pursuant to the Court's Order dated May 31, 2018 (Dkt. No. 16),[1] Plaintiff Implicit, LLC and Defendants NetScout Systems, Inc., Sophos Ltd., and Sandvine Corporation respectfully move for entry of a discovery order in this action. The parties agree to the attached proposed discovery order except for the following two provisions, which are in dispute:

1. In Paragraph 5(c).1, the parties dispute the number of hours of oral deposition of each Defendant (including Rule 30(b)(6) and Rule 30(b)(1) depositions but excluding experts) that Plaintiff may take. Plaintiff proposes 70 hours; Defendants propose 42 hours.

    a. **Plaintiff's Position:** Defendants seek to potentially limit Implicit to six seven-hour depositions, including both Rule 30(b)(6) depositions and Rule 30(b)(1) depositions. Defendants' proposal is inadequate in this case not only because the case involves multiple patents, but also because a potentially significant portion of the evidence in this case may come from source code. Thus, additional deposition

---

[1] On July 16, 2018, Plaintiff filed an Unopposed Motion to Extend Deadline to File Proposed Scheduling and Discovery Orders. Dkt. No. 33. The Court has not yet ruled on that motion.

    time may be required, for example, to determine whether all necessary code has been produced, to understand the compiled operating environment, or to depose multiple people specializing in different parts of the code—all in addition to the typical technical topics (e.g., the design, development, and operation of the accused products) and damages topics (e.g., manufacturing, sales, marketing, and comparable licenses) inherent in a patent case.  Additionally, Defendants, not Implicit, control the designation of their own Rule 30(b)(6) witnesses; and, without the benefit of any discovery in this case, Implicit does not and cannot know how many Defendant witnesses possess relevant knowledge.  Implicit's proposal of 70 hours per defendant is consistent with the 10-deposition guideline set forth in Federal Rule of Civil Procedure 30(a)(2), and Implicit respectfully requests that the Court adopt it.

b. **Defendants' Position:** Fed. R. Civ. P. (26)(b)(1) encourages parties to limit the scope of discovery to information that is proportional to the needs of the case.  Nevertheless, Implicit seeks to depose each Defendants' party witnesses (excluding expert and third parties) for 70 hours with no limit on the number of depositions (while Defendants have agree to be limited to 42 hours for depositions of Plaintiff).  Plaintiff's proposal could result in more than a dozen depositions of each Defendants' witnesses.  While Plaintiff states above that its 70 hour proposal is consistent with the 10-deposition guidelines, Plaintiff ignores that its proposal does not include a deposition limit and could result in an unlimited number of shorter depositions and the 10-deposition guideline, unlike Plaintiffs proposal,  is not restricted to party depositions but includes all fact depositions.  The scope of this

case, a typical patent infringement case, does not warrant such an excessively high number of depositions and it would be burdensome on Defendants to be required to make available and prepare such a high number of employees for depositions. Defendants proposal of 42 hour per Defendant is consistent with the needs of this case and will allow Plaintiff to sufficiently explore technical (including source code), marketing and financial issues.  To the extent that discovery reveals that additional hours would be reasonably necessary, Defendants are willing to negotiate in good faith for additional hours if this becomes a ripe issue. To the contrary, if the parties start with Plaintiffs' large number of hours, Defendants will have minimal recourse in the normal course of discovery.  Defendants respectfully request that Plaintiffs be limited to 42 hours of party depositions at this time.

2. In Paragraph 5(c).5, the parties dispute whether any non-expert witness may be deposed more than fourteen (14) hours total (including 30(b)(1) and 30(b)(6) testimony) without agreement of the parties and the witness.  Plaintiff favors this limitation; Defendants oppose it.

   a. **Plaintiff's Position:**  Although Plaintiff's proposal is specifically intended to protect its principal, Mr. Balassanian (who has been deposed 5-6 times in previous cases), Plaintiff's proposed limitation on the total number of hours that an individual non-expert witness is obligated to sit for deposition (absent agreement of the parties and the witness) is necessary to avoid undue burden on *any* witness. Fourteen hours of deposition is sufficient for an individual—be it Mr. Balassanian or a Defendant party witness noticed under Rule 30(b)(1) and designated under Rule 30(b)(6)—to sit for a complete seven-hour Rule 30(b)(1) deposition and a

    complete seven-hour Rule 30(b)(6) deposition. To the extent that any party requires additional time with a particular witness, the parties have agreed to negotiate additional time in good faith.

b. **Defendants' Position:** The language proposed by Plaintiff is unnecessary as it merely imposes an artificial limitation on the number of hours that a specific witness may be deposed. Namely, the apparent reason for this artificial limitation is borne out from the fact that Plaintiff's primary witness, Edward Balasannian, will likely be its 30(b)(6) witness, but he is also the sole inventor of all of the Asserted Patents, and Defendants will also likely notice Mr. Balassanian's deposition pursuant to 30(b)(1). Limiting Mr. Balassanian's deposition time to 14 hours is unreasonable at this time in view of the fact that there are three Defendants in this case that will have their own line of questioning as to certain 30(b)(6) topics and with respect to the Asserted Patents. The parties have already agreed that to the extent Mr. Balassanian, as inventor, is also designated as a 30(b)(6) witness, they will negotiate in good faith to determine whether more than 14 hours will be necessary for his testimony as an inventor and as a 30(b)(6) witness. See Section 5(c)(2) above. There is no need, therefore, for this additional language that arguably would also apply to Mr. Balassanian and is thus inconsistent with the provisions in Section 5(c)(2) to which Plaintiffs have already agreed. Defendants respectfully request the entry of their proposed language.

Dated: July 18, 2018

By: /s/ Mark C. Lang
Abran J. Kean (CO Bar 44660)
**ERISE IP, P.A.**
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Telephone: (913) 777-5600

Eric A. Buresh (KS Bar 19895)
Mark C. Lang (KS Bar 26185)
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
eric.buresh@eriseip.com
abran.kean@eriseip.com
mark.lang@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Counsel for Defendant*
*NetScout Systems, Inc.*

By: /s/ Lana S. Shiferman
Douglas J. Kline (BBO #556680)
Lana S. Shiferman (BBO #645024)
Robert Frederickson (BBO #670111)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Telephone: ( 617) 570-1000
Facsimile: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
rfrederickson@goodwinlaw.com

Jennifer P. Ainsworth (Texas Bar Card #00784720)
Matthew T. Milam (Texas State Bar No. 24065746)

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff*
*Implicit, LLC*

**WILSON, ROBERTSON & CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092
jainsworth@wilsonlawfirm.com
mmilam@wilsonlawfirm.com

*Counsel for Defendant*
*Sophos Ltd.*

By: /s/ Mark C. Lang
Abran J. Kean
State Bar No. 44660
Email: abran.kean@eriseip.com
**ERISE IP, P.A.**
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, Colorado 80111
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Eric A. Buresh
KS Bar No. 19895
Email: eric.buresh@eriseip.com
Mark C. Lang
KS Bar No. 26185
Email: mark.lang@eriseip.com
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Melissa Richards Smith
Texas State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendant*
*Sandvine Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 18th day of July 2018.

/s/ William E. Davis, III
William E. Davis, III