IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| IMPLICIT, LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-CV-00053-JRG |
| | § | (LEAD CASE) |
| v. | § | |
| | § | CIVIL ACTION NO. 2:18-CV-00054-JRG |
| NETSCOUT SYSTEMS, INC., | § | (MEMBER CASE) |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sandvine Corporation's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2) (the "Motion"). (Dkt. No. 18.) Having considered the Motion and briefing, the Court is of the opinion that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**, for the reasons set forth herein.

Plaintiff Implicit, LLC ("Implicit") sued Defendant Sandvine Corporation ("Sandvine") on May 31, 2018, alleging infringement of U.S. Patent Nos. 8,694,683 (the "'683 Patent"); 9,270,790 (the "'790 Patent"); and 9,591,103 (the "'103 Patent") (the "Asserted Patents"). (Dkt. No. 15 (First Amended Complaint).) Implicit alleges that the Sandvine Policy Engine and products that incorporate the Procera Network Application Visibility Library ("NAVL") (the "Accused Products") infringe the Asserted Patents, and that Sandvine "makes, uses, sells or offers to sell within the United States" the Accused Products and "places [the Accused Products] into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District." (*Id.* ¶¶ 14–15.)

Sandvine moves to dismiss Implicit's first amended complaint on two grounds. First, Sandvine moves to dismiss based upon an asserted lack of personal jurisdiction. (Dkt. No. 18.) Sandvine argues that it does not make, use, or sell products that incorporate the Procera NAVL. Instead, those products are made and sold by a related entity, Procera Networks, Inc., and thus there is no specific personal jurisdiction as to Sandvine for those accused products. (*Id.* at 1–2.) Sandvine also argues there is no general personal jurisdiction because it "is not incorporated in, registered to do business in, and does not have a physical presence in Texas." (*Id.* at 2.) It submits that "[w]hile it is true that Sandvine sells other products that ultimately end up in Texas," Implicit's allegations that Sandvine regularly conducts business in Texas are conclusory and insufficient to support a claim of general jurisdiction. (*Id.* at 5.)

Having reviewed the briefing and the first amended complaint, the Court finds that it has personal jurisdiction over Sandvine. Implicit asserts three claims against Sandvine: (1) infringement of the '683 Patent; (2) infringement of the '790 Patent; and (3) infringement of the '103 Patent. (Dkt. No. 15.) Implicit alleges that both the Sandvine Policy Engine and products that incorporate the Procera NVLA infringe each of the Asserted Patents. (*Id.* ¶¶ 14, 19, 25, 31.) Sandvine admits in its Motion that the "'Sandvine Policy Engine' [] was developed and is sold by Sandvine Corporation in the United States" and that "specific personal jurisdiction likely exists against Sandvine Corporation as to those products in [*sic*] actually sells in the United States and this District specifically." (*Id.* at 2 n1.) Consistent with this admission, the Court determines that it has personal jurisdiction over Sandvine with respect to each claim in the complaint. Sandvine urges the Court to "dismiss this case for lack of personal jurisdiction over Sandvine with respect to products incorporating the Procera NAVL in view of the fact that [it] is not 'at home' in Texas and does not manufacture, distribute, or sell the accused Procera NAVL product." (Dkt. No. 18 at

8.) Sandvine, however, cites no authority, nor is the Court aware of any, that requires personal jurisdiction in a patent infringement case to be assessed on a *product-by-product* basis and not on a *claim-by-claim* basis. *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) ("In this circuit, specific personal jurisdiction is a claim-specific inquiry."); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006) ("[S]pecific jurisdiction must be established for each claim."); *Round Rock Research LLC v. ASUSTeK Computer Inc.*, 967 F. Supp. 2d 969, 974 (D. Del. 2013) ("The parties' arguments . . . concentrate on whether there is personal jurisdiction over the claims involving the '109 and '531 patents. . . .[P]ersonal jurisdiction is evaluated on a [legal] claim-by-claim basis.").

Sandvine also moves to dismiss Implicit's allegations that Sandvine is vicariously liable for any infringement by its subsidiaries, affiliates, and related entities. (Dkt. No. 18.) Sandvine argues that Implicit proffers no facts to support its claims and "does not even allege what entity Sandvine is purportedly acting through as its alter ego or with whom Sandvine interacts to form a joint business enterprise." (*Id.* at 8.) As such, it asserts those claims fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

The Court finds that Implicit has failed to plead sufficient facts to support its vicarious liability claims. Implicit alleges that "[i]n addition to liability for its own independent conduct, Sandvine is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations." (Dkt. No. 15 ¶ 37.) This allegation amounts to no more than a legal conclusion and therefore fails to state a plausible claim for relief. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) ("To survive dismissal, a plaintiff must plead 'enough facts to state a

claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Accordingly, dismissal as to those claims is appropriate.

Based on the foregoing, the Court hereby **DENIES-IN-PART** and **GRANTS-IN-PART** Sandvine's Motion, (Dkt. No. 18.). Sandvine's Motion is **DENIED** with respect to personal jurisdiction, but it is **GRANTED** with respect to vicarious liability. It is therefore **ORDERED** that Implicit's allegations of vicarious liability are **DISMISSED WITHOUT PREJUDICE**. Implicit may replead its vicarious liability claims, by way of filing an amended complaint, with such amended complaint to be filed within 21 days hereof.

**So ORDERED and SIGNED this 8th day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE