## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| IMPLICIT, LLC, | |
| Plaintiff, | Civil Action No. 2:18-CV-53-JRG |
| v. | |
| NETSCOUT SYSTEMS, INC., | |
| Defendant. | |

## DEFENDANT NETSCOUT SYSTEMS, INC.'S FIRST AMENDED
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant NetScout Systems, Inc. ("NetScout" or "Defendant"), by and through its attorneys, submits this First Amended Answer to Plaintiff Implicit, LLC's ("Implicit" or "Plaintiff") Complaint.

### I.    NATURE OF THE SUIT

1.    NetScout admits that Implicit's Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  NetScout denies, however, that Implicit's Complaint sets forth a valid or meritorious claim for patent infringement, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

### II.    THE PARTIES

2.    NetScout lacks knowledge or information sufficient to form a belief as to the truth of Implicit's allegations in paragraph 2, and therefore denies the same.

3.    NetScout admits that it is a Delaware corporation with a principal place of business in Westford, Massachusetts.  NetScout further admits that it maintains a place of business in Plano, Texas and also has a limited presence in Austin, Texas.

### III.   JURISDICTION AND VENUE

4.      NetScout admits that Implicit's Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a)..  NetScout denies, however, that Implicit's Complaint sets forth a valid or meritorious claim for patent infringement, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

5.      NetScout does not contest personal jurisdiction in this case.

6.      NetScout does not contest personal jurisdiction in this case.  NetScout denies the remaining allegations in paragraph 6, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

7.      NetScout does not contest venue in this case.  NetScout admits that it maintains a place of business in Plano, Texas.  NetScout denies the remaining allegation in paragraph 7.

### IV.   BACKGROUND

#### A.    The Asserted Patents

8.      NetScout admits that this action purports to be an action for infringement of United States Patent Nos. 8,694,683 (the "'683 Patent"); 9,270,790 (the "'790 Patent"); and 9,591,104 (the "'104 Patent").  NetScout denies, however, that Implicit's Complaint sets forth a valid or meritorious claim for patent infringement, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

9.      NetScout admits that Exhibit A to the Complaint appears to be a copy of the '683 Patent, entitled "Method and Systems for Data Demultiplexing" and that the face of the patent

names Edward Balassanian as an inventor.  NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies the same.

10.     NetScout admits that Exhibit A to the Complaint appears to be a copy of the '683 Patent, and that the face of the '683 Patent states it issued on April 8, 2014. NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11.     NetScout admits that Exhibit B to the Complaint appears to be a copy of the '790 Patent, entitled "Method and Systems for Data Demultiplexing" and that the face of the '790 patent names Edward Balassanian as an inventor.  NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies the same.

12.     NetScout admits that Exhibit B to the Complaint appears to be a copy of the '790 Patent, and that the face of the '790 Patent states it issued on February 23, 2016.  NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13.     NetScout admits that Exhibit C to the Complaint appears to be a copy of the '104 Patent, entitled "Method and Systems for Data Demultiplexing" and that the face of the patent names Edward Balassanian as an inventor.  NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies the same.

14.     NetScout admits that Exhibit C to the Complaint appears to be a copy of the '104 Patent, and that the face of the '104 Patent states it issued on March 7, 2017.  NetScout lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore denies the same.

## V.     NETSCOUT

15.     NetScout admits that it sells products in the United States, including products sold under the "nGeniusOne" name.

16.     NetScout admits that it has made, used, sold and has offered to sell one or more nGeniusOne products in this District.  NetScout denies the remaining allegations in paragraph 16.

## VI.     NOTICE

17.     NetScout hereby incorporates by reference it answer to paragraphs 1 through 16 above as if fully set forth herein.

18.     NetScout admits that it has had notice of the Asserted Patents as of the service of Implicit's Complaint.  NetScout denies the remaining allegations of paragraph 18.

## VI.     CLAIMS

### A.     Infringement of the '683 Patent

19.     NetScout hereby incorporates by reference its answer to paragraphs 1 through 18 above as if fully set forth herein.

20.     NetScout denies the allegations of paragraph 20.

21.     NetScout denies the allegations of paragraph 21.

22.     NetScout denies the allegations of paragraph 22.

23.     NetScout denies the allegations of paragraph 23.

24.     NetScout denies the allegations of paragraph 24.

### B.     Infringement of the '790 Patent

4

25.     NetScout hereby incorporates by reference its answer to paragraphs 1 through 24 above as if fully set forth herein.

26.     NetScout denies the allegations of paragraph 26.

27.     NetScout denies the allegations of paragraph 27.

28.     NetScout denies the allegations of paragraph 28.

29.     NetScout denies the allegations of paragraph 29.

30.     NetScout denies the allegations of paragraph 30.

**C.     Infringement of the '104 Patent**

31.     NetScout hereby incorporates by reference its answer to paragraphs 1 through 30 above as if fully set forth herein.

32.     NetScout denies the allegations of paragraph 32.

33.     NetScout denies the allegations of paragraph 33.

34.     NetScout denies the allegations of paragraph 34.

35.     NetScout denies the allegations of paragraph 35.

36.     NetScout denies the allegations of paragraph 36.

## VII.    VICARIOUS LIABILITY

37.     NetScout hereby incorporates by reference its answer to paragraphs 1 through 36 above as if fully set forth herein.

38.     NetScout denies the allegations of paragraph 38.

## VIII.   DAMAGES

39.     NetScout hereby incorporates by reference its answer to paragraphs 1 through 38 above as if fully set forth herein.

40.     NetScout denies the allegations of paragraph 40.

41.     NetScout denies the allegations of paragraph 41.

42.     NetScout denies the allegations of paragraph 42.

## IX.  PRAYER FOR RELIEF

NetScout denies that Implicit is entitled to any relief in connection with the allegations in the Complaint, including, without limitation, the allegations of Paragraphs (a) through (e) of Implicit's Prayer for Relief.

## X.     JURY DEMAND

No response is required for Implicit's demand for a jury trial.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that NetScout bears the burden of proof as to any of the following affirmative defenses, NetScout asserts the following defenses based upon information and belief:

### FIRST DEFENSE
### (Non-infringement)

NetScout has not infringed, and does not infringe, any valid claim of the Asserted Patents, literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, willfully, or in any other manner. Therefore, NetScout is not liable for any infringement thereof.

### SECOND DEFENSE
### (Invalidity)

One or more claims of the Asserted Patents are invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE
**(Estoppel)**

Implicit is estopped, by virtue of the prior art and statements and amendments made during the prosecution of the Asserted Patents from asserting infringement of one or more claims of the Asserted Patents against NetScout either literally or under the doctrine of equivalents.

### FOURTH DEFENSE
**(Limitation on Damages)**

Implicit's claims for damages for patent infringement are limited at a minimum by 35 U.S.C. § 287 to only those damages occurring after the notice of infringement and, in any event, by 35 U.S.C. § 286.

### FIFTH DEFENSE
**(License)**

Implicit's claims for damages for patent infringement are precluded, in whole or in part, due to one or more licenses to the Asserted Patents between Implicit, or its predecessor-in-interest, and one or more third parties, including without limitation Intel Corporation.  Specifically, one or more products accused of infringement utilize or rely on Intel processors and/or software that are subject to license by Implicit to perform functionalities identified in Implicit's Original and Supplemental Infringement Contentions as meeting one or more asserted claim limitations.

### RESERVATION OF ADDITIONAL DEFENSES

NetScout expressly reserves the right to raise and allege additional defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may exist or in the future may be available based on further investigations and discovery.

### PRAYER FOR RELIEF

WHEREFORE, NetScout prays for judgment that:

A.  Finds judgment in favor of NetScout and against Implicit;

B.  Dismisses Implicit's Complaint with prejudice;

C.  Denies any injunctive relief in favor of Implicit and against NetScout;

D.  Declares that the claims of the Asserted Patents be found invalid;

E.  Declares that NetScout has not infringed the Asserted Patents;

F.  Awards NetScout its costs and attorneys' fees incurred in this action; and

G.  Grants such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NetScout hereby demands a trial by jury on all issues so triable.

Date:    January 9, 2019                    Respectfully submitted:

*/s/ Melissa R. Smith*
Abran J. Kean (CO Bar 44660)
ERISE IP, P.A.
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Phone: (913) 777-5600

Eric A. Buresh (KS Bar 19895)
Mark C. Lang (KS Bar 26185)
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas 66211
Phone: (913) 777-5600
Facsimile: (913) 777-5601
eric.buresh@eriseip.com
abran.kean@eriseip.com
mark.lang@eriseip.com

Melissa Smith
TX State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.

303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for NetScout Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on January 9, 2019.

*/s/ Melissa R. Smith*