# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **IMPLICIT, LLC,** | § § | Civil Action No. 2:18-cv-53-JRG |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| **NETSCOUT SYTEMS, INC.,** | § § | (Lead Case) |
| *Defendant.* | § § | |
| | § | |
| **IMPLICIT, LLC,** | § § | |
| *Plaintiff,* | § § | Civil Action No. 2:18-cv-54-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| **SANDVINE CORPORATION,** | § § § | (Consolidated Case) |
| *Defendant.* | § § | |

## THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Implicit, LLC ("Implicit") and files this Third Amended Complaint for Patent Infringement against Defendant Sandvine Corporation ("Sandvine"), alleging as follows:

### I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II. THE PARTIES

2. Plaintiff **Implicit, LLC** is a Washington limited liability company that maintains its principal place of business in Tyler, Texas.

3. Defendant **Sandvine Corporation** is a Canadian corporation that does business in Texas, directly or through intermediaries, and maintains a principal place of business in Waterloo, Ontario, Canada.

### III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific personal jurisdiction over Sandvine in this action pursuant to due process and the Texas Long Arm Statute because Sandvine, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1400(b) for at least the reasons set forth above.

### IV. BACKGROUND

A. **The Asserted Patents**

7. This cause of action asserts infringement of United States Patent Nos. 8,694,683 (the "'683 Patent"); 9,270,790 (the "'790 Patent"); and 9,591,104 (the "'104 Patent").

8. A true and correct copy of the '683 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit A.

9. Implicit is the current owner by assignment of all rights, title, and interest in and under the '683 Patent, which duly and legally issued on April 8, 2014. Implicit has standing to sue for infringement of the '683 Patent.

10. A true and correct copy of the '790 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit B.

11. Implicit is the current owner by assignment of all rights, title, and interest in and under the '790 Patent, which duly and legally issued on February 23, 2016. Implicit has standing to sue for infringement of the '790 Patent.

12. A true and correct copy of the '104 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit C.

13. Implicit is the current owner by assignment of all rights, title, and interest in and under the '104 Patent, which duly and legally issued on March 7, 2017. Implicit has standing to sue for infringement of the '104 Patent.

**B.    Sandvine**

14. Sandvine, directly or through intermediaries, makes, uses, sells, or offers to sell within the United States, or imports into the United States, certain products (the "Sandvine Accused Products"), including but not limited to the Sandvine Policy Engine and products that incorporate the Procera Network Application Visibility Library ("NAVL").

15. By selling and/or offering to sell the Sandvine Accused Products, Sandvine, directly or through intermediaries, purposefully and voluntarily places the Sandvine Accused Products into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District.

## V. NOTICE

16. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

17. At least as early as December 19, 2014, Implicit gave Procera Networks, Inc. ("Procera") written notice of the '683 Patent.

18. At least as early as June 1, 2015, Implicit gave Procera written notice of U.S. Patent Application No. 14/230,952, which would later issue as the '790 Patent.

19. Sandvine has had or reasonably should have had actual knowledge of the '683 Patent and the '790 Patent at least as early as September 2017, when Sandvine and Procera became a "combined company," as more fully described in Section VII below.

20. At least by filing and serving its Original Complaint for Patent Infringement, Implicit has given Sandvine written notice of the '104 Patent and of Sandvine's infringement thereof.

## VI. CLAIMS

**A.    Infringement of the '683 Patent**

21. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Sandvine.

22. The Sandvine Accused Products are covered by at least claim 1 of the '683 Patent.

23. Sandvine has directly infringed and continues to infringe at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Sandvine Accused Products in the United States, or importing the Sandvine Accused Products into the United States.

24. Further and in the alternative, at least since September 2017, and in no event later than the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine has been and now is actively inducing infringement of at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(b). Users of the Sandvine Accused Products directly infringe at least claim 1 of the '683 Patent when they use the Sandvine Accused Products in the ordinary, customary, and intended way. Sandvine's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Sandvine Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Sandvine Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Sandvine provides online or with the Sandvine Accused Products) how to use the Sandvine Accused Products in the ordinary, customary, and intended way, which Sandvine knows or should know infringes at least claim 1 of the '683 Patent.

25. Further and in the alternative, at least since September 2017, and in no event later than the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine has been and now is actively contributing to infringement of at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(c). Sandvine installs, configures, and sells the Sandvine Accused Products with one or more distinct components, including one or more of the Policy Traffic Switch and the Procera NAVL (collectively, the "Accused Components"), each of which is especially

made or especially adapted to practice the invention claimed in at least claim 1 of the '683 Patent. Each Accused Component within the Sandvine Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '683 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '683 Patent. Sandvine's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Sandvine Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '683 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

26. At least since September 2017, and in no event later than the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine's infringement of the '683 Patent has been and continues to be willful and deliberate.

**B.  Infringement of the '790 Patent**

27. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Sandvine.

28. The Sandvine Accused Products are covered by at least claim 1 of the '790 Patent.

29. Sandvine has directly infringed and continues to infringe at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Sandvine Accused Products in the United States, or importing the Sandvine Accused Products into the United States.

30. Further and in the alternative, at least since September 2017, and in no event later than the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine has been and now is actively inducing infringement of at least claim 1 of the '790 Patent in violation

of 35 U.S.C. § 271(b).  Users of the Sandvine Accused Products directly infringe at least claim 1 of the '790 Patent when they use the Sandvine Accused Products in the ordinary, customary, and intended way.  Sandvine's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Sandvine Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Sandvine Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Sandvine provides online or with the Sandvine Accused Products) how to use the Sandvine Accused Products in the ordinary, customary, and intended way, which Sandvine knows or should know infringes at least claim 1 of the '790 Patent.

31.     Further and in the alternative, at least since September 2017, and in no event later than the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine has been and now is actively contributing to infringement of at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(c).  Sandvine installs, configures, and sells the Sandvine Accused Products with the Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '790 Patent.  Each Accused Component within the Sandvine Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '790 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '790 Patent.  Sandvine's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Sandvine Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or

especially adapted for use in an infringement of at least claim 1 of the '790 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

32. At least since September 2017, and in no event later than the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine's infringement of the '790 Patent has been and continues to be willful and deliberate.

C. **Infringement of the '104 Patent**

33. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Sandvine.

34. The Sandvine Accused Products are covered by at least claim 1 of the '104 Patent.

35. Sandvine has directly infringed and continues to infringe at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Sandvine Accused Products in the United States, or importing the Sandvine Accused Products into the United States.

36. Further and in the alternative, at least since the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine has been and now is actively inducing infringement of at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(b). Users of the Sandvine Accused Products directly infringe at least claim 1 of the '104 Patent when they use the Sandvine Accused Products in the ordinary, customary, and intended way. Sandvine's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Sandvine Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Sandvine Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Sandvine provides online or with the Sandvine

Accused Products) how to use the Sandvine Accused Products in the ordinary, customary, and intended way, which Sandvine knows or should know infringes at least claim 1 of the '104 Patent.

37. Further and in the alternative, at least since the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine has been and now is actively contributing to infringement of at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(c). Sandvine installs, configures, and sells the Sandvine Accused Products with the Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '104 Patent. Each Accused Component within the Sandvine Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '104 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '104 Patent. Sandvine's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Sandvine Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '104 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

38. At least since the filing and service of Implicit's Original Complaint for Patent Infringement, Sandvine's infringement of the '104 Patent has been and continues to be willful and deliberate.

## VII. VICARIOUS LIABILITY

39. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

40. Between July and September 2017, Sandvine was acquired by PNI Canada Acquireco Corp., an affiliate of Francisco Partners and Procera, resulting in a "combined company . . . operat[ing] under the Sandvine name." Exhibit D, *Procera Networks completes the acquisition of Sandvine Corporation - Vanilla Plus* (2017), https://www.sandvine.com/inthenews/procera-networks-completes-the-acquisition-of-sandvine-corporation; *see also* Exhibit E, Procera Networks, *Sandvine Corporation To Be Acquired By Francisco Partners' Affiliate And Combined With Procera Networks* (2017), https://www.sandvine.com/press-releases/sandvine-corporation-to-be-acquired-by-francisco-partners-affiliate; Exhibit F, *Procera rebrands as Sandvine now that the merger is complete - Converge!* (2017), https://www.sandvine.com/inthenews/procera-rebrands-as-sandvine-now-that-the-merger-is-complete.

41. Procera's former website, www.proceranetworks.com, now redirects to the Sandvine website, www.sandvine.com.

42. Procera's LinkedIn page, while maintaining the Procera name, logo, and headquarters information, links to the Sandvine website and states:

> The Procera - Sandvine acquisition has officially closed. **We are now operating as one Sandvine team.**
> Sandvine, the global Subscriber Experience company, is revolutionizing the way operators and vendors monitor, manage and monetize their network traffic. Elevate your business value and improve customer experience with sophisticated intelligence solutions.
>
> All news and updates beginning 2018 will now be posted on https://www.linkedin.com/company/sandvine/
>
> For more information, visit http://www.sandvine.com or follow Sandvine on Twitter at @Sandvine.

Exhibit G, *Procera Networks: About | LinkedIn* (2019), https://www.linkedin.com/company/procera-networks/about/ (emphasis added).

43. At least by holding themselves out as a "combined company" and "one Sandvine team" and by combining their websites, Sandvine and Procera have acted as one and have integrated their resources to achieve a common business purpose. Thus, to the extent that Procera, rather than or in addition to Sandvine, performs any conduct complained of herein, Sandvine is liable for Procera's conduct under the doctrine of single business enterprise.

44. At least by holding themselves out as a "combined company" and "one Sandvine team," Sandvine and Procera have blended identities or blurred the formal and substantive lines of distinction between them. Thus, to the extent that Procera, rather than or in addition to Sandvine, performs any conduct complained of herein, Sandvine is liable for Procera's conduct under the doctrine of alter ego.

## VIII. DAMAGES

45. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

46. For the above-described infringement, Implicit has been injured and seeks damages to adequately compensate it for Sandvine's infringement of the Asserted Patents. Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284, together with Implicit's costs and expenses, pre-judgment and post-judgment interest, and supplemental damages for any continuing post-verdict or post-judgment infringement, with an accounting as needed.

47. As set forth above, Sandvine's infringement of the Asserted Patents has been and continues to be willful, such that Implicit seeks treble damages under 35 U.S.C. § 284 as appropriate.

48. Sandvine's willful infringement of the Asserted Patents renders this case exceptional under 35 U.S.C. § 285, such that Implicit seeks all reasonable attorneys' fees and costs incurred in this litigation, together with pre-judgment and post-judgment interest thereon.

## IX. PRAYER FOR RELIEF

Implicit respectfully requests the following relief:

a. A judgment in favor of Implicit that Sandvine has infringed each Asserted Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment and order requiring Sandvine to pay Implicit its damages, costs, expenses, and pre-judgment and post-judgment interest for Sandvine's infringement of each Asserted Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c. A judgment and order requiring Sandvine to pay Implicit enhanced damages for willful infringement as provided under 35 U.S.C. § 284;

d. A judgment and order finding this case exceptional and requiring Sandvine to pay Implicit its reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 285, together with pre-judgment and post-judgment interest thereon; and

e. Such other and further relief as the Court deems just and proper.

## X. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Implicit requests a jury trial of all issues triable of right by a jury.

Dated: January 29, 2019

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this January 29, 2019.

/s/ William E. Davis, III
William E. Davis, III