**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **IMPLICIT, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:18-cv-53-JRG** |
| v. | § | **LEAD CASE** |
| | § | |
| **NETSCOUT SYTEMS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF IMPLICIT, LLC AND
DEFENDANTS NETSCOUT SYSTEMS, INC. AND SANDVINE CORPORATIONS'
JOINT MOTION TO AMEND INFRINGEMENT CONTENTIONS, THE DOCKET
CONTROL ORDER AND CONTINUE TRIAL DATE**

COME NOW Plaintiff Implicit, LLC and Defendants NetScout Systems, Inc. and Sandvine Corporation (collectively "the Parties") and jointly file this motion to amend infringement contentions and the Docket Control Order, including a request to continue the trial date by 90 days. The Parties submit as Exhibit 1, a Seventh Docket Control Order proposing extended deadlines, including a 90-day continuance of the trial date. The parties, of course, would appreciate whatever accommodation the Court could provide to achieve the objectives set out herein, including something longer or shorter, but believe that 90 days would be the length necessary to achieve these purposes. The Parties are cognizant of the fact that motions of this sort are rarely granted and, absent unusual circumstances, would be viewed in a dim light. The Parties are also aware of the burden and inconvenience this request may impose upon the Court, given its extremely active docket. The Parties, however, wish to present for the Court's consideration the facts of this case and related cases that it believes present unusual circumstances justifying the relief requested herein. Ultimately, while the Parties understand that any request to modify a case schedule that affects the Court's calendar burdens the Court, the parties believe that the requested continuance in this case will actually *decrease* the burden on the Court were the case to proceed on the current schedule. Specifically, if the parties are not able to incorporate certain newly determined additional products in this case, it would potentially result in 2 additional trials. Thus, after meeting and conferring in good faith, the Parties present the Court with a plan and schedule that will save the Court and the Parties from serial duplicative trials and additionally reduce the number of patents, reduce the number of claims and overall reduce the number of disputed issues the Court would otherwise need to adjudicate. Thus, the parties submit that good cause exists to extend the schedule, including continuing the trial date, as detailed below.

## I. FACTUAL BACKGROUND

Implicit filed cases against NetScout (2:18-cv-53-JRG) and Sandvine (2:18-cv-54-JRG) on March 8, 2018, which were consolidated for pretrial purposes for infringement of the following patents, referred to as Demux Patents: 8,694,683 ('683), 9,270,790 ('790), and 9,591,104 ('104) ("Demux Patents"). The Court entered a Docket Control Order on July, 2018, setting a trial date of September 9, 2019. Implicit served its infringement contentions on June 18, 2018 and specifically identified the following Accused Products: (1) the Network Application Visibility Library (NAVL) (Sandvine); (2) Policy Traffic Switch (PTS) (Sandvine); and (3) nGenius One (NetScout).

On January 21, 2019, Implicit moved to compel discovery relating to reasonably similar products, in addition to other grounds. Dkt. 78. On February 4, 2019, Implicit also filed a second lawsuit against Sandvine Corporation. Case No. 2:19-cv-41-JRG ("*Sandvine II*"). *Sandvine II* asserts the same patents that are asserted in the instant case against the Similar Products but also asserts additional patents: two from the Demux patent family and three patents from another family, the App Server patent family.

The Court held a hearing on Implicit's Motion to Compel on April 2, 2019. Dkt. 101. During the hearing, the Court encouraged the parties to meet-and-confer to reach agreement that would resolve Implicit's motion to compel. Dkt. 114. Among other things, the Defendants agreed to produce the source code for a number of additional products, Implicit would review the source code and identify which products it believed should be added to the case, at which point the parties would meet-and-confer on a motion for leave to amend Implicit's infringement contentions.

Defendants produced the source code for additional products beginning on April 15, 2019

and continuing through May 7, 2019. Implicit's source code consultant and technical expert reviewed the source code for a number of days during the weeks of April 29, 2019, May 6, 2019, and May 13, 2019. After concluding the source code review for the additional products, Implicit concluded that the certain of these products needed to be added to the current lawsuit for adjudication. The additional products Implicit seeks to add to this case are: for Sandvine – the PacketLogic product; and for NetScout – the Iris/Geoprobe, TruView, Arbor Availability Protection System, Arbor Threat Mitigation System, and Arbor Edge Defense products. (Collectively "Additional Products").

Per local rules, the Court's leave would be required to amend Implicit's infringement contentions to specifically identify the Additional Products. While source code review is largely complete, substantial non-source code discovery remains to be done on the Additional Products, including technical, marketing and financial document production as well as depositions.

On May 15, 2019, the Parties began a series of candid conversations regarding the best way to address these Additional Products into the current schedule. The parties realized and continue to believe that it will be nearly impossible under the current schedule, where expert reports are due on in a little over a week on May 28, 2019. Additionally, the Parties discussed that the *Sandvine II* case was largely predicated on the question of whether and when the Additional Products would be adjudicated in the current action on the current schedule. Thus, the parties realized that a short continuance would allow the parties to adjudicate both the Accused and Additional Products in a single trial as opposed to two largely duplicative trials. Additionally, the Parties were able to reach further agreements that would allow them to reduce the number of patents and the number of claims (both for infringement and affirmative defenses) required to be adjudicated by the Court. Thus, the Parties submit that a motion for leave to

amend the infringement contentions to add the following products to this case is proper under the good cause standard, in the interests of justice, and will avoid burdening the Court with additional duplicate trials: Sandvine: PacketLogic (which includes the next-generation IQ platform); NetScout: Iris/Geoprobe, TruView, Arbor Availability Protection System, Arbor Threat Mitigation System, and Arbor Edge Defense.

In order to adjudicate the Additional Products in a single lawsuit, a short continuance is necessary. The Parties reached agreement on a proposed schedule to amend the contentions to add these products. The Parties also agreed to a number of stipulations to streamline discovery. Part of the agreement includes to dismiss the pending *Sandvine II* case in order to have all disputes between the parties resolved in this proceeding. The parties will be unable to complete the discovery in the time remaining under the current schedule. The parties thus jointly request that the Court provide a continuance of 90 days to conduct the additional discovery required for the full scope of the products at issue in the case.

## II. DISCUSSION

Amending the schedule in the manner proposed by the Parties, including amending the Parties contentions regarding additional products, requires a showing of good cause. The Parties submit that good cause exists in this specific circumstance.

The parties acted diligently. Defendants produced the source code for the additional products starting within a few weeks after the agreement reached at the Motion to Compel hearing. Implicit promptly inspected all the produced source code shortly after its production and quickly identified the products it sought to add to the case. Implicit will serve its amended infringement contentions by the end of the week, and the Parties have reached agreement on a schedule for the remaining deadlines.

The Parties, however, will be unable to adequately prepare the case for trial under the current schedule and propose a continuance. Under the current schedule, fact discovery closes on May 23, 2019, opening expert reports are due on May 28, 2019, and the case is set for trial on September 9, 2019. The Parties propose extending those deadlines by approximately 90 days, as reflected in the proposed Seventh Amended Docket Control Order. This extension would allow the Parties to complete discovery on the added products in a fairly expedited fashion and allow the Parties' expert reports to encompass all of the products now at-issue in the case. In addition, as part of the agreement reached by the parties, Implicit will dismiss the *Sandvine II* case with prejudice. Dismissal of the *Sandvine II* case will remove 5 patents from dispute between the Parties and eliminate the need for second trials against Sandvine and NetScout on these 5 patents.[1] Similarly, in addition to conserving the Court's resources, the Parties agree that the proposed and consolidated discovery will conserve the Parties' resources and minimize the need for duplicative discovery and multiple depositions of witnesses.

### III.  CONCLUSION

For the reasons above, the parties request that the Court grant this Motion to Amend the Docket Control Order.

Dated: May 20, 2019

Respectfully submitted,

By: /s/ Mark C. Lang
Abran J. Kean (CO Bar 44660)
**ERISE IP, P.A.**
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Telephone: (913) 777-5600

By: /s/ William E. Davis, III
William E. Davis, III, *Lead Attorney*
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com

---

[1] Although a second lawsuit on the Similar Products and additional Demux and App Server patents has not been filed against NetScout, the parties agree that should the Court grant this Motion it will obviate the need for an additional lawsuit against NetScout.

5

Eric A. Buresh (KS Bar 19895)
Mark C. Lang (KS Bar 26185)
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
eric.buresh@eriseip.com
abran.kean@eriseip.com
mark.lang@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Counsel for Defendant*
*NetScout Systems, Inc.*

By: /s/ Mark C. Lang
Abran J. Kean
State Bar No. 44660
Email: abran.kean@eriseip.com
**ERISE IP, P.A.**
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, Colorado 80111
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Eric A. Buresh
KS Bar No. 19895
Email: eric.buresh@eriseip.com
Mark C. Lang
KS Bar No. 26185
Email: mark.lang@eriseip.com
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Melissa Richards Smith

Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Spencer Hosie, *pro hac vice*,
CA State Bar No. 101777
Brandon C. Martin, *pro hac vice*,
CA State Bar No. 269624
**Hosie Rice LLP**
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001
shosie@hosielaw.com
bmartin@hosielaw.com

*Counsel for Plaintiff*
*Implicit, LLC*

6

Texas State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendant*
*Sandvine Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(V).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 20th day of May 2019.

/s/ William E. Davis, III
William E. Davis, III