# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC, | § § | |
| *Plaintiff,* | § § | Civil Action No. 2:18-cv-53-JRG |
| | § | LEAD CASE |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| NETSCOUT SYSTEMS, INC., | § § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| IMPLICIT, LLC, | § § | |
| *Plaintiff,* | § § | Civil Action No. 2:18-cv-54-JRG |
| | § | MEMBER CASE |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| SANDVINE CORPORATION, | § § | |
| *Defendant.* | § | |

**DEFENDANTS NETSCOUT SYSTEM, INC. AND SANDVINE CORPORATION'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE PORTIONS OF DR. KEVIN C. ALMEROTH'S OPINIONS REGARDING INFRINGEMENT**

**I.  INTRODUCTION**

This motion does not boil down to a disagreement over Dr. Almeroth's infringement opinions, but instead presents the Court with the issue of whether an expert can disregard or contradict the Court's claim constructions.  While there is certainly some overlap in the issues between Defendants' summary judgment motion and the present motion,[1] the inquiries are different.  There is no question that Dr. Almeroth's opinions contradict and disregard the Court's claim constructions.  Rather than applying the literal requirements of the Court's claim construction by analyzing the actual outermost header of a packet, Dr. Almeroth circumvents that construction by relying on the "perspective" of TCP operating routines. Because Dr. Almeroth's opinions are contrary to the express claim constructions provided by this Court, they should be excluded.

**II.  ARGUMENT**

First, Implicit notes that Dr. Almeroth opined that he had applied the Court's claim construction. Dkt. 155 at 1 (citing Almeroth Report ¶¶ 378 ("In forming my opinions, I have applied the claim constructions adopted by the Court…."), 761 ("The[] [products] instead operate on a packet whose outermost header is a TCP header … as required by the Court's Claim Construction."), 762 ("significant TCP processing functionalities on packets whose outermost header is a TCP header")).  Of course Dr. Almeroth says he applied the Court's claim construction – what else would he say -- but actually showing that he did requires more than say so.  Implicit cannot point to any statements in Dr. Almeroth's report where he identifies a packet that actually has an outermost header of TCP.  While Dr. Almeroth pays lip service to the Court's constructions,

---

[1] For purposes of additional content, Defendants direct the Court to their contemporaneously filed reply in support of their motion for summary judgment of non-infringement, which addresses related issues, but under the summary judgment standards.

1

he most certainly applies a "perspective" argument that does not apply the Court's constructions.

His testimony further reveals the basis for the conclusions opinions in his report and is the reason that his testimony should be excluded. Dr. Almeroth acknowledges that he is not pointing to a packet having an actual outermost header of TCP, as required by the Court's claim construction. Dkt. 143 at 4-5. Instead, Dr. Almeroth repeatedly, and unequivocally, testified that his infringement theory is based on the "perspective" of the processing routine as defining the outermost header of the packet, not the actual outermost header of the packet itself. *Id.* Dr. Almeroth is not applying the Court's construction, but instead applying some construction that allows for consideration of "perspectives" that are external to the packet. The Court's construction calls for a specific question – is TCP the "outermost" header for a packet. Any analysis that disregards this requirement is not consistent with the Court's construction and should be excluded.

Not surprisingly, Implicit casts Dr. Almeroth's testimony aside as a "application of the Court's construction to the Accused Products." Dkt. 155 at 1-2. To the contrary, the testimony shows that Dr. Almeroth is not applying the Court's construction, but some "perspective"-based construction that ignores the actual header structure of the packets. Not only does Dr. Almeroth's approach circumvent the Court's construction, but the notion that external structures like pointers define the packet's format was expressly rejected by the Court. As noted in Defendants' Opening Brief, the parties already addressed such arguments during claim construction and the Court rejected Implicit's interpretation of the claims. Dkt. 143 at 2-6. The Court included "outermost header" in its construction of each of the "execute" and "convert" limitations because that is precisely how Implicit defined the format of a packet during prosecution and in order to distinguish prior art. Dr. Almeroth's "perspective" approach voids both the meaning of, and reasoning behind, the Court's construction.

## III. CONCLUSION

Defendants respectfully submit that Dr. Almeroth is disregarding the Court's express claim construction and request that his testimony be excluded.

Dated: October 16, 2019

Respectfully submitted,

/s/ *Mark C. Lang*
Eric A. Buresh (KS Bar 19895)
Mark C. Lang (KS Bar 26185)
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
eric.buresh@eriseip.com
mark.lang@eriseip.com

Abran J. Kean (CO Bar 44660)
**ERISE IP, P.A.**
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Telephone: (913) 777-5600
abran.kean@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Counsel for Defendants*
*NetScout Systems, Inc. and*
*Sandvine Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document was served on counsel for all parties appearing in this action via the Court's electronic filing system on October 16, 2019.

/s/ *Melissa R. Smith*
Melissa R. Smith