IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:18-cv-53-JRG |
| v. | § § | LEAD CASE |
| NETSCOUT SYTEMS, INC., | § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § | |

**PLAINTIFF IMPLICIT, LLC'S
SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

██████████████████████████

Defendants' Motion fails for two reasons: (1) Defendants are incorrect that the *Markman* Order rejects any use of pointers; and (2) there is a factual dispute over whether the ████ ██████████████████████████████████████████████████████████████. On the first point, Implicit devoted a substantial portion of its response highlighting that Defendants did not accurately characterize of the Court's *Markman* Order. In Reply, Defendants ignore the argument entirely. It is undisputed that the Court's Order only concluded that "***merely*** moving a reference" could not satisfy the claimed "conversion" process. Dkt. 111, at 27 (emphasis added). Dr. Almeroth's opinions do not allege that ████████████████████████████████████ ████████████████, which is undisputed. Defendants now argue that the Court rejected any use of pointers. But the Order does not say that. And Defendants do not point to any such holding.

Defendants then pivot, arguing that summary judgment is proper because Dr. Almeroth's Report allegedly did not identify an "████████████████████████████████████" for each product. *E.g.*, Reply, at 1. Defendants did not raise this as a basis for summary judgment and it is therefore waived. On the merits, Defendants are wrong and simply disagree with Dr. Almeroth's opinions. That is, by definition, a factual dispute not suited for summary judgment. Defendants basically concede this point in Reply. They implore the Court to discredit Dr. Almeroth's ultimate opinions—including finding his description of their Products "completely false," Reply, at 10—in favor of their evidence. But Rule 56 requires the opposite. For these reasons, Implicit respectfully requests that the Court deny Defendants' Motion.

### I. Implicit's Infringement Theory is Consistent With the Court's Claim Construction Opinion

Defendants' Motion hinged on the *Markman* Order, but Defendants do not address in Reply what the Order actually held. They ignore Implicit's argument that the Court *only* addressed "merely moving a reference" as described in column 14 with regard to the "conversion" limitation.

1

The only way the Court's *Markman* opinion would provide grounds for summary judgment is if Implicit alleged that Defendants' Products merely moved a reference to perform the claimed conversion. Implicit did not make that allegation. Nor did Defendants' Motion claim that their Products merely move a reference. Summary judgment is improper.

Defendants instead contend, without support, that the Court excluded ▆▆▆▆▆▆▆▆▆▆, even wrongly asserting that Implicit agrees with that characterization. *E.g.*, Reply, at 2 ("Implicit . . . argu[es] that the 'Court's exclusion' applies to scenarios that use *only* pointers to access a packet."). They argue that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ voids the Court's claim construction by ignoring the packet's literal "▆▆▆▆▆▆▆." Reply, at 2. This is incorrect and does not find support in the Order.

The *Markman* Order does not preclude the creation and use of pointers (or any other data structure) to define the "packet." The Order does not address, let alone exclude, the use of data structures that identify the "packet" in the first place. Nor do Defendants point to such an exclusion. The Court did not construe the phrase "outermost header" or the claim term "packet." Thus, whether a ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is a fact question on infringement, not a question of claim construction. And nothing in the Order (or in its constructions) is "void[ed]" if the "▆▆▆" in the Accused Products is determined by using "▆▆▆▆" such as ▆▆▆▆▆▆▆▆▆▆▆. Reply, at 2. Indeed, both parties point to "constructs" within the Accused Products to evidence what the "packet" is in the Accused Products. Which side is correct is a fact question for the jury.

## II.   Genuine Issues of Material Fact Preclude Summary Judgment

Defendants raise a factual dispute—what is the "▆▆▆▆" within the ▆▆▆▆▆▆ of Defendants' Accused Products? This question raises disputes that require a trial to resolve.



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### A. Dr. Almeroth's "Perspective" is the ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮

Defendants contend that Dr. Almeroth applied the wrong "perspective" to assess infringement, arguing that this perspective cannot be used to determine infringement. But Dr. Almeroth's opinions reflect how the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—that is the "perspective" that he applied. And that approach is what matters per the claims, which Defendants fail to address. The claims are at the "routine" level: they recite a "***routine*** that is used to ***execute a Transmission Control Protocol (TCP) to convert one or more packets*** having a TCP format into a different format." '683 Patent, claim 1 (emphases added). Dr. Almeroth's opinions are at that same level, which Defendants do not dispute.

Defendants take a different "perspective." They create litigation-inspired drawings of data structures in their Products so they can draw a box to include an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ This is simply incorrect. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, Dr. Almeroth disagreed with Defendants' "perspective" each time he was questioned at his deposition because it does not accurately reflect how the ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Almeroth Depo. Tr. (Rough), at 63:5–66:7, 67:3–22, 84:17–85:17, 96:15–97:10, 100:11–101:9, Exh. 7.

Despite that, Defendants assert that Implicit agrees with Defendants' recitation of "▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Reply, at 2. That is not correct. Implicit disputed almost all of those "facts" for the same reasons Dr. Almeroth did.

3

■■■

Defendants recognized this fundamental disagreement in their Motion. They did not dispute that Dr. Almeroth opined that the Accused Products operated on ■■■ ■■■. Defendants did not challenge the substance of those opinions. They did not address Dr. Almeroth's Report. They did not allege that he failed to apply the Court's claim construction, as written. They only claimed that Dr. Almeroth used the wrong "perspective"—and should have used their "perspective."

Defendants are wrong. Their "perspective" is not an accurate description of how the Accused Products operate. For example, their witness declares that ■■■ ■■■." Dkt. 142-11, at ¶ 10 (emphasis added). But even Defendants' own technical expert depicts the ■■■ ■■■ ■■■ (*see* Almeroth Report, at ¶¶ 269–278).

■■■

Jeffay Report, at ¶ 318, Exh. 8.[1]

Per the diagram, the application data from the ■■■ ■■■

---

[1] Dr. Jeffay's diagram, which he created for this case, does not accurately depict ■■■ as Dr. Almeroth opines. *See* Almeroth Report, at ¶¶ 268–278.

4



Defendants charge that this description of reassembly—depicted by their expert—is "completely false." Reply, at 10. To make that claim, they create a ▓▓▓▓▓▓ at the top of the Dr. Jeffay's figure above. Jeffay Report, at ¶ 319. Defendants claim that it is the ▓▓▓▓▓▓ *See generally* Almeroth Report, at ¶¶ 269–278. Based on how they construct this "▓▓▓" Defendants assert that they do not infringe because there is an ▓▓▓▓▓▓. That "perspective" is not from the vantage point of their software routines; it is how Defendants create and identify a "packet" to argue noninfringement.

Defendants' "perspective" infects their summary judgment evidence. Defendants' witnesses declare that "[b]oth the ▓▓▓▓▓▓"—even though that testimony conflicts with Defendants' expert's report, fact witness deposition testimony, and internal documentation. *Compare* Dkt. 142-2, at ¶ 8 (GeoProbe declaration) *with* Jeffay Report, at ¶ 139 (depicting reassembly in GeoProbe); *Compare also* Dkt. 142-11, at ¶ 10 (PTS declaration) *with* Jeffay Report, at ¶ 314–19 (▓▓▓▓▓▓) and Dkt. 154-3 (▓▓▓▓▓▓); *Compare also* Dkt. 142-4, at ¶ 8 (InfiniStream declaration) *with* Dkt. 154-5 (CTO deposition testimony) and Jeffay Report, at ¶ 165 (describing TCP reassembly). Indeed, Defendants ignore that—with arguably the expectation of ▓▓▓▓▓▓

██████████████████████████████

██████████████████████████████████████" ████████████████

████████████████████████████████████████████████████████ t.

Which data is the "packet" in the Accused Products is a question of fact, and Rule 56 requires crediting Dr. Almeroth's opinions at this stage—not Defendants' "perspective." There is at least a genuine issue of material fact for trial when viewed through how the source code operates.

**B.** ████████████████████████████

The source code shows that the Accused Products meet the ████████████. It is undisputed that each Product performs ██████████████████████████ ████. ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████.

They then ████████████████████████████████████████████████.

The dispute lies in whether the ████████████████████████████ ██████████████████████████████. Dr. Almeroth identified in his Report how the ████████████████████████████████████████████████████████ ████████████████████████████████████████████████. *See* Resp. at 18–23. Defendants have not submitted any source code or documentation that shows how their Products actually operate and ████████████████████████████████████" backed by declarations that conflict with the source code. And even though the ██████ ████████████████████████████████████████," Defendants claim that those routines are actually ████████████████████████████████████████. It is undisputed that the ████████████████████████████████████████████████ ████. Defendants do not even contend that ████████████████████████████.

6

Defendants instead point to the fact that at an earlier point in the process, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. That does not warrant summary judgment.

Defendants have also dramatically changed their position with respect to functionality in the various Accused Products. Defendants initially grouped all of the products together into one summary judgment theory based on the *Markman* Order. Mot. at 16–18; *see also id.* at 5 (grouping together NetScout Products and Sandvine Products in Statement of the Issues, and not separating out issues on a product-by-product basis). They now assert that "each of the Accused Products is distinct" and blame Implicit for responding to their "one-size-fits-all approach." Reply, at 3. They now devote seven pages of their Reply addressing each Product separately, raising new arguments and evidence they could have raised in their Motion but declined to do so.

These arguments are waived and, in any event, are without merit. For each product, Dr. Almeroth did identify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **PTS**. Dr. Almeroth opines that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Resp. at 18. This ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* Defendants allege that these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Reply, at 9. That is a misunderstanding of Dr. Almeroth's opinions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See e.g.*, Almeroth Report, at ¶ 278. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Almeroth Report, at ¶¶ 83–87. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* at ¶¶ 277–278.

7

███████████████████████████████████

Defendants do not dispute this functionality in their briefing. █████████████

████████████████████████████████████████████

██████████████ ████████████████████████████████ (nor do

Defendants allege that they do). ████████████████████

**PacketLogic**. ████████████████ █████████. That processing,

as Dr. Almeroth opines, █████ ██████████ █████ ██████

████████████████████. Almeroth Report, at ¶¶ 335–336. Defendants

assert that the █████ ███████████████," again pointing to a █████████

████████. The misunderstand Dr. Almeroth's Report and how the source code in their

Products operates. Dr. Almeroth details █████ █████ █ █████ ████████

███████████████████████████████████████. █████

████████████████████████████████████

████████. Defendants disagree and again draw their "perspective" to include an █████

█████████████████████████████████. It is for a jury to

decide which side to credit.

**NAVL**. Dr. Almeroth ████████████ █████ █████████████

████████████ █████ ████████████████████

████████████. Almeroth Report, at ¶ 365, 373. Defendants again assert that the

█████ ██████████████████ and, again, misunderstand Dr. Almeroth's Report

and the operations reflected in their source code. ██ █████ █████████

█████ ██████████ █████ ████████

████████████████████████████████████████ Defendants

8

again proffer their "perspective" to include an ▮▮▮▮▮, but that is a dispute for the jury. ▮▮▮▮▮.

**GeoProbe.** ▮▮▮▮▮ functionality Defendants do not contest. *See, e.g.,* Reply, at 3–4; Almeroth Report, at ¶ 146 (▮▮▮▮▮; Jeffay Report, at ¶¶ 132, 144 n.14 (▮▮▮▮▮). ▮▮▮▮▮ Almeroth Report, at ¶ 146. Ultimately, Defendants rely on their "perspective"-based defense to argue that ▮▮▮▮▮. ▮▮▮▮▮. It is for a jury to resolve who is correct.

**InfiniStream.** ▮▮▮▮▮, which Defendants do not contest. *See* Reply, at 5–6; Almeroth Report, at ¶¶ 181, 184 (▮▮▮▮▮). ▮▮▮▮▮ *Id.* Defendants argue ▮▮▮▮▮, Reply, at 5, again misunderstanding Dr. Almeroth's opinions and how the ▮▮▮▮▮. ▮▮▮▮▮. Defendants again urge that their contrary "perspective" is right, but that is for the jury to weigh. That is especially the case because the declaration that Defendants rely on for this product—testifying that ▮▮▮▮▮

9

██████████████████████████████

██████████████████████████—conflicts with how NetScout's Chief Technology Officer described the ████████████████████████████ a fact Defendants leave unaddressed in Reply. *See* Resp. at 20–21; *see also* Jeffay Report, at ¶ 165 (███████████ ████████████████████████████████████████████████████████ ████████████████████████) (emphasis added).

**Arbor.** ████████████████ █████ ████████████████████

████████████████████████████████████████████████████

████████████████████████████ ███ █████ █████ █████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ *Id.* Defendants continue to press the same defenses. They ignore Dr. Almeroth's opinions and how the ████████████████████ ██ ██ ████████ ████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████ It is for a jury to decide which side is correct on these factual questions.

### III.      CONCLUSION

For these reasons, Implicit respectfully requests that the Court deny Defendants' Motion.

10

Dated: October 23, 2019

Respectfully submitted,

By: /s/ Christian Hurt

Spencer Hosie, *pro hac vice*,
(CA Bar No. 101777)
Brandon C. Martin, *pro hac vice*,
(CA Bar No. 269624)
Darrell Rae Atkinson, *pro hac vice*,
(CA Bar No. 280564)
**Hosie Rice LLP**
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001
shosie/bmartin@hosielaw.com

William E. Davis, III (TX Bar No. 24047416)
Christian J. Hurt (TX Bar No. 24059987)
Edward Chin (Of Counsel)
(TX Bar No. 50511688)
Debra Coleman (Of Counsel)
(TX Bar No. 24059595)
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Bdavis/churt/echin/dcoleman@bdavisfirm.com

*Counsel for Plaintiff Implicit, LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not

deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 23rd day of October, 2019.

/s/ Christian Hurt
Christian Hurt