**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br>*Plaintiff*,<br><br>v.<br><br>NETSCOUT SYSTEMS, INC.<br>*Defendant.* | Civil Action No. 2:18-cv-00053-JRG<br>LEAD CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SANDVINE CORPORATION.<br>*Defendant.* | Civil Action No. 2:18-cv-00054-JRG<br>MEMBER CASE |

**PLAINTIFF IMPLICIT, LLC'S MOTION *IN LIMINE***

**REDACTED VERSION OF DOCUMENT**
**FILED UNDER SEAL**

**TABLE OF CONTENTS**

**Page**

I. INFLAMMATORY REFERENCES TO ALLEGED IMPROPER CONDUCT BY IMPLICIT'S FOUNDER BASED ON A PASSING STATEMENT IN A DISCOVERY BRIEF IN AN UNRELATED MATTER ..... 1

II. PREJUDICIAL REFERENCES TO [REDACTED] IN A CASE INVOLVING COMPUTER NETWORKING DEVICES. ..... 3

III. PREJUDICIAL AND CONFUSING REFERENCES TO PRIOR LITIGATIONS (*JUNIPER* AND *F5*). ..... 4

IV. CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Statutes** **Page**

Federal Rule of Evidence 402 ........................................ 3
Federal Rule of Evidence 403 ........................................ 3, 4, 5
Federal Rule of Evidence 802 ........................................ 2

Plaintiff Implicit, LLC ("Implicit" or "Plaintiff") moves the Court for an Order *in Limine*, restricting Defendants NetScout Systems Inc. ("NetScout") and Sandvine Corporation ("Sandvine") (collectively "Defendants"), Defendants' counsel, and witnesses called on behalf of Defendants from mentioning certain matters, and shows the Court as follows:

The following matters are not admissible in evidence for any purpose and have no bearing on the issues or rights of the parties in this case. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would irreparably taint the jury.

## I. Inflammatory References to Alleged Improper Conduct by Implicit's Founder Based on a Passing Statement in a Discovery Brief in an Unrelated Matter.

Implicit's managing member is Edward Balassanian. During Mr. Balassanian's deposition, Defendants inquired about a long-prior (2007) dispute



*See* Ex. 1, 388:2-391:12.



To the extent offered for its truth, this allegation is hearsay and is thus inadmissible under F.R.E. 802.

These baseless allegations of impropriety are wholly unrelated to the issues in this case: patent infringement and invalidity. These allegations are not probative of the issues. More, this "evidence," which turns on nothing more than a third-party's litigation allegations, is calculated to portray Mr. Balassanian as a thief and liar. Its clear purpose is to unfairly undermine Mr. Balassanian's credibility, and skew the jury against him and Implicit. Defendants evidently

intend to mislead the jury and to confuse the issues. To rebut these spurious allegations, Implicit would, in effect, have to try in this case a portion of a long-since resolved employee dispute. This is exactly the situation that F.R.E. 403 is designed to prevent.

Accordingly, Defendants should be precluded from offering, soliciting, or referring to testimony, evidence, or argument regarding [REDACTED] Such evidence is irrelevant, and inflammatory, and should be excluded under Rules 402, 403 and 802.

## II. Prejudicial References to [REDACTED] in a Case Involving Computer Networking Devices.

[REDACTED]

Defendants spent 10 pages on this topic during Mr. Balassanian's deposition, and dedicated two paragraphs to it in each of their expert reports. *See* Ex. 3, 28-39; Ex. 4, ¶¶ 37 [REDACTED] & 219; Ex. 5, ¶¶ 36 & 198.

[2] Implicit asked Defendants to identify any evidence other than portions of the Balassanian deposition transcript that discuss Exhibit 24 that they intend to introduce on these issues. *See* Atkinson Dec., ¶ 2. Defendants ignored this request. The Court's order precluding Defendants on these highly prejudicial tangential allegations should extend beyond Exhibit 24 and the related deposition testimony and questions to any other evidence or testimony pertaining to these allegations.

Under Defendants' own relevancy logic, ██████ are needlessly cumulative. Defendants' argue as follows:

**III. <u>Prejudicial and Confusing References to Prior Litigations (*Juniper* and *F5*)</u>.**

Defendants should be precluded from offering, soliciting, or referring to testimony, evidence, or argument regarding any findings or orders from the following prior Implicit cases: (1) *Implicit Networks, Inc. v. Juniper Networks, Inc.*, No. 3:10-cv-04234-SI (N.D. Cal.) ("*Juniper*"); (2) *Implicit Networks, Inc. v. F5 Networks, Inc.*, No. 3:10-cv-03365-SI (N.D. Cal.) ("*F5 I*"); and (3) *Implicit, LLC. v. F5 Networks, Inc.*, No. 3:14-cv-02856-SI (N.D. Cal.) ("*F5*

*II*"). This preclusion should apply both to orders from the prior cases and to any references to related appeals or other evidence that would reveal the orders or findings.

As this Court is aware, Implicit filed prior cases against Juniper Networks, Inc., and F5 Networks, Inc., in the Northern District of California. *See, e.g.,* Dkt. No. 111 at 2-3. (Claim Construction Memo. & Order) (J. Payne). The Northern District issued multiple orders in those cases, including claims construction orders. While the *Juniper* and *F5 I* cases did not involve a patent-in-suit here, they did involve a parent patent, the '163 Patent. The '683 Patent, at issue here, was the subject of the *F5 II* claim construction. *Id*.

The Court issued a Claims Construction Order in this case. On its face, the Order prohibits the parties from using the ruling with the jury. *See* Dkt. No. 111 at 36. If the Claims Order in this case, cannot be shown to the jury, how possibly would it be proper for the Defendants to use claims orders in prior cases?

The *Juniper-F5 I* summary judgment order granted motions for non-infringement as to Juniper and F5 products. These rulings on different parties' products are not relevant to this case.

This is even more true as to the prior court's summary judgment invalidity finding as to different patents. Different case; different patents; and years ago. This is a new and independent case, not a re-trial of the prior cases.

Defendants should be precluded from referring to *Juniper*, *F5 I*, and *F5 II* findings and orders under F.R.E. 402 and 403.

**IV. Conclusion.**

For the reasons set forth above, Implicit respectfully requests that this Court preclude Defendants from offering, soliciting, or referring to testimony, evidence, or argument regarding:

[redacted]

3. Any orders or findings from *Juniper*, *F5 I*, and *F5 II*.

Dated October 25, 2019

Respectfully submitted,

By: /s/ *Darrell Rae Atkinson*

Spencer Hosie, *pro hac vice*,
(CA Bar No. 101777)
shosie@hosielaw.com
Diane S. Rice, pro hac vice,
(CA Bar No. 118303)
drice@hosielaw.com
Brandon C. Martin, *pro hac vice*,
(CA Bar No. 269624)
bmartin@hosielaw.com
Darrell Rae Atkinson, *pro hac vice*,
(CA Bar No. 280564)
datkinson@hosielaw.com
Francesca M. S. Germinario, *pro hac vice*,
(CA Bar No. 326208)
fgerminario@hosielaw.com
**HOSIE RICE LLP**
600 Montgomery St., 34th Floor
San Francisco, CA 94111
415.247.6000
Fax: 415.247.6001

William E. Davis, III
(TX Bar No. 24047416)
bdavis@bdavisfirm.com
Christian J. Hurt
(TX Bar No. 24059987)
churt@bdavisfirm.com
Edward Chin (Of Counsel)
(TX Bar No. 50511688)
echine@bdavisfirm.com
Debra Coleman (Of Counsel)
(TX Bar No. 24059595)
dcoleman@bdavisfirm.com
Ty William Wilson

(TX Bar No. 24106583)
twilson@davisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 25th day of October, 2019. Because the foregoing document is filed under seal, counsel for Plaintiff Implicit, LLC also certifies that an unredacted copy of the foregoing document was served on counsel for Defendants NetScout Systems, Inc. and Sandvine Corporation via email.

*/s/ Darrell Rae Atkinson*
Darrell R. Atkinson

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff has complied with the meet and confer requirement in Local Rule CV-7—meeting telephonically with Defendants' counsel on October 22 and 24, 2019—and that the accompanying motion remains opposed.

*/s/ Darrell Rae Atkinson*
Darrell R. Atkinson

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case (Dkt. 61).

                                                */s/ Darrell Rae Atkinson*
                                                Darrell R. Atkinson