# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| NETSCOUT SYSTEMS, INC., | § § | CIVIL ACTION NO. 2:18-CV-00053-JRG (LEAD) |
| | § § § | |
| SANDVINE CORPORATION | § § | CIVIL ACTION NO. 2:18-CV-00054-JRG (MEMBER) |
| *Defendants.* | § | |

## ORDER

The Court held a Pretrial Conference in the above-captioned matters on November 13, 2019 (the "Pretrial Conference") to address the pretrial motions and motions *in limine* ("MIL") filed by Plaintiff Implicit, LLC ("Implicit") and Defendants NetScout Systems, Inc. ("NetScout") and Sandvine Corporation ("Sandvine") (collectively, the "Defendants") (together with Implicit, the "Parties"). (Dkt No. 206.) This Order memorializes the Court's rulings as announced into the record. This Order summarizes the Court's rulings during the Pretrial Conference and does not limit or constrain the Court's rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**I. Pretrial Motions**

Defendants' Motion to Exclude Dr. Keith Ugone's Reasonable Royalty Calculation and Opinions Regarding Damages (Dkt. No. 141) was **DENIED-IN-PART** and **GRANTED-IN-PART**. The Court **GRANTED** the motion as to the portion of Dr. Ugone's report which relied on two hypothetical negotiations between Implicit and NetScout, with one occurring in April 2014

and one occurring in July 2015. The Court granted leave to Implicit to supplement Dr. Ugone's report to opine as to an April 2014 hypothetical negotiation for the Arbor and GeoProbe products, such supplement to be completed by November 15, 2019. Defendants are permitted leave to conduct a new deposition for a total of two and half hours solely in response to the supplement, such deposition to be completed by November 18, 2019. Further, Defendants may file a new *Daubert* motion related to the supplement, such motion to be filed if at all by November 21, 2019 at 12:00 p.m. CST, and Implicit is permitted leave to file a response to the same by November 24, 2019 at 12:00 p.m. CST. (*See* Dkt. No. 206 at 34:17–35:) The motion was **DENIED** in all other respects.

Defendants' Motion to Exclude Portions of Dr. Kevin C. Almeroth's Opinions Regarding Infringement (Dkt. No. 143) was **DENIED**. Defendants' Motion for Summary Judgment of Non-Infringement (Dkt. No. 142) was also **DENIED.** (Dkt. No. 206 at 60:22–61:8.)

Plaintiff's *Daubert* Motion to Exclude Portions of NetScout's and Sandvine's Invalidity Expert Report and Testimony (Dkt. No. 144) was **DENIED**. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 145) was also **DENIED**. (Dkt. No. 206 at 64:23.)

## II. Stipulations of Agreement

Prior to the Pretrial Conference, the Parties entered into a Joint Stipulation Regarding Certain Agreements (Dkt. No. 183) and a Joint Stipulation Regarding Certain Agreements on Motions *in Limine* (the "MIL Stipulations") (Dkt. No. 196) (collectively, the "Joint Stipulations"). During the Pretrial Conference, the Court **ORDERED** that the Joint Stipulations be treated as agreed motions *in limine*. (Dkt. No. 206 at 65:9–24.) Accordingly, the following are **GRANTED** as motions *in limine*:

1. Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged wrongs relating to Edward Balassanian personally, or entities other than Implicit LLC, Implicit Networks, Inc., or Becomm Corp., that Mr. Balassanian has an interest in, that do not relate to loans or non-familial financial disputes discussed in Defendants' damages expert reports. The alleged wrongs that Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding include, but are not limited to: (1) any dispute between Mr. Balassanian and a landlord; (2) any dispute involving Mr. Balassanian's wife/ex-wife or any other romantic relationship; (3) any alleged FDA investigation relating to Vital Juice; (4) any alleged speeding by Mr. Balassanian; (5) any alleged reckless driving by Mr. Balassanian; (6) any alleged driving while under the influence by Mr. Balassanian; (7) any alleged revocation of Mr. Balassanian's driver's license; (8) any alleged refusal by Mr. Balassanian to submit to a Breathalyzer test; (9) any alleged lewd conduct by Mr. Balassanian; (10) any alleged receipt of stolen property by Mr. Balassanian; and (11) any back taxes owed by Mr. Balassanian or entities other than Implicit LLC, Implicit Networks, Inc., or Becomm Corp., that Mr. Balassanian has an interest in. Notwithstanding anything to the contrary in the immediately preceding sentence, this *limine* order does not apply to any alleged misuse of company funds or alleged misleading of investors by Mr. Balassanian. Further, in the event that Implicit offers, solicits, or refers to testimony, evidence, or argument regarding Mr. Balassanian's moral character or character for truthfulness, then this *limine* order will not preclude Defendants from attempting to admit evidence to attack Mr. Balassanian's moral character or character for truthfulness, if the Court grants prior leave for such based on Implicit "opening the door."

2. Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged invalidity of any patent-in-suit for improper inventorship.

3. The Parties will not offer, solicit, or refer to testimony, evidence, or argument regarding "hallmarks of infringement."

4. The Parties will not offer, solicit, or refer to testimony, evidence, or argument regarding NetScout's TrueView product.

5. Implicit will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged infringement under the doctrine of equivalents.

6. Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged invalidity of any patent-in-suit for lack of enablement.

7. Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged invalidity of any patent-in-suit for being directed to unpatentable subject matter under 35 U.S.C. § 101.

8. Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged invalidity of any patent-in-suit for lack of utility under 35 U.S.C. § 101.

9. Defendants will not refer to Implicit LLC, Implicit Networks, Inc., Becomm Corp., or Edward Balassanian as a patent troll, patent pirate, paper patentee, licensing entity, patent assertion entity, or non-practicing entity.

10. The Parties will not refer to the Texas Family Code when referencing or describing any clear and convincing burden of proof.

11. Implicit will not offer, solicit, or refer to testimony, evidence, or argument of Defendants' total revenue, profits, other than the apportioned and unapportioned royalty bases. However, Implicit may adduce offer, solicit, or refer to testimony, evidence, or argument,

using relative terms, that sales of the accused products make up a large portion of each Defendants total or U.S. revenue or profits. Some non-limiting examples of such relative terms are, "nearly all," "the majority," "the vast majority," "more than half," "practically all," "a significant portion," etc. If Defendants' question what such relative terms mean, Implicit's witnesses will be permitted to respond with percentages, if the Court grants prior leave to do so.

12. No Party will put forth testimony or evidence regarding correspondence between counsel and third-party witnesses relating to the service of subpoenas, scheduling depositions, and producing documents in the case, with the exceptions of third-parties David Mosberger, Larry Peterson, and Dan Decasper.

13. Implicit will not offer or otherwise use the Sandvine declaration at Dkt. No. 18-2 as part of a direct examination during its opening case, but shall have the right to offer or otherwise use the declarations within the scope of any appropriate cross-examination or rebuttal, or to impeach; including during any adverse direct if Implicit calls Sandvine's corporate representative(s) in its case in chief.

14. Neither Defendant will offer, solicit, or refer to testimony, evidence, or argument relating to the dispute between Implicit and R. Michael Crill.

### III. Disputed Motions in *Limine*

A. Implicit's Motions *in Limine* (Dkt. No. 185)

Implicit's MIL No. 1: Preclude inflammatory references to alleged improper conduct by Implicit's founder based on a passing statement in a discovery brief on an unrelated matter.

The motion *in limine* was **WITHDRAWN** based upon the agreement memorialized by the MIL Stipulations.

Implicit's MIL No. 2: Preclude prejudicial references to Vital Juice back-pay disputes.

This motion *in limine* was **GRANTED**. The Defendants may not elicit testimony or introduce evidence concerning disputes regarding former employees of Vital Juice and Vital Juice or Mr. Balassanian. (Dkt. No. 206 at 77:2–7.)

Implicit's MIL No. 3: Preclude references to the following prior litigation: (1) *Implicit Networks, Inc. v. Juniper Networks, Inc.*, No. 3:10-cv-04234-SI (N.D. Cal.); (2) *Implicit Networks, Inc. v. F5 Networks, Inc.*, No. 3:10-cv-03365-SI (N.D. Cal.); and (3) *Implicit, LLC. v. F5 Networks, Inc.*, No. 3:14-cv-02856-SI (N.D. Cal.).

This motion *in limine* was **DENIED AS MOOT** in light of Defendants' Common MIL No. 11. (Dkt. No. 206 at 70:23–25.)

B.  Defendants' Motions *in Limine* (Dkt. No. 181)

Defendants' Common MIL No. 1: Preclude Implicit from suggesting certain prior art was submitted to and considered by the Patent and Trademark Office ("PTO").

This motion *in limine* was **DENIED**. However, the Court **ORDERED** that Implicit is precluded from going beyond saying that such prior art was before the PTO by taking the additional step of speculating about what the PTO or any particular examiner may have actually relied on, considered, or formed an opinion about. (*See* Dkt. No. 206 at 88:15–89:8.)

Defendants' Common MIL No. 2: Preclude Implicit from presenting any evidence regarding reduction to practice of the asserted claims with any prototype or product prior to constructive reduction to practice on December 29, 1999.

This motion *in limine* was **GRANTED-IN-PART** and **DENIED-IN-PART** in the manner and to the degree described by the Court during the hearing including that Implicit may not cite or

6

rely upon source code that was produced late to prove an earlier reduction to practice. (Dkt. No. 206 at 95:18–21.) In all other respects, this motion *in limine* was **DENIED**.

Defendants' Common MIL No. 3: Preclude Implicit from referencing non-comparable settlement agreements addressed in the *Daubert* motion (Dkt. No. 141).

This motion *in limine* was **DENIED**. (Dkt. No. 206 at 78:14.)

Defendants' Common MIL No. 4: Preclude Implicit from referencing any settlement/license agreements in which (1) the demultiplexing patents were not asserted in the underlying litigation; or (2) the demultiplexing patents were asserted in addition to other patents in the underlying litigation.

This motion *in limine* was **DENIED** based on the representations made on the record by Implicit at the Pretrial Conference that there would be no effort by Implicit to go beyond a high-level indication of why the license agreements to "unrelated" patents were dropped from Dr. Ugone's analysis. (Dkt. No. 206 at 80:13–81:17.)

Defendants' Common MIL No 5: Preclude Implicit from soliciting or putting on testimony or evidence that presents a single revenue number for the royalty base that encompasses both accused and non-accused products with no explanation as to what amount is attributable to accused products versus non-accused products.

This motion *in limine* was **DENIED**. (Dkt. No. 206 at 83:20–84:7.)

Defendants' Common MIL No. 6: Preclude Implicit from referencing Defendants' total profits, revenues, and other financial information beyond the apportioned royalty base.

This motion *in limine* was **WITHDRAWN** based upon the agreement memorialized by the MIL Stipulations.

Defendants' Common MIL No. 7: Preclude Implicit from soliciting or putting on testimony or evidence regarding correspondence between counsel and third-party witnesses relating to the service of subpoenas, scheduling depositions, and producing documents in the case, with the exception of third-party David Mosberger.

This motion *in limine* was **WITHDRAWN** based upon the agreement memorialized by the MIL Stipulations.

Defendants' Common MIL No. 8: Preclude both Parties from introducing any testimony, evidence, or argument that includes the concepts of "stealing" or "pilfering."

This motion *in limine* was **GRANTED**. Neither party may illicit testimony, offer evidence, or make an argument to characterize any conduct of the other party as "stealing" or "pilfering." Nor may any party illicit testimony, offer evidence, or make an argument to the effect that they were not "pilfering" or "stealing" various prior art ideas. (*See* Dkt. No. at 99:23–100:13)

Defendants' Common MIL No. 9: Preclude evidence or argument regarding any of the Court's prior and forthcoming rulings except for the applicable claim constructions.

This motion *in limine* was **WITHDRAWN** based upon the agreement memorialized by the MIL Stipulations.

Defendants' Common MIL No. 10: Except for the purposes of impeachment or to show inconsistencies in opinions or positions, the Parties will not solicit or put on testimony or evidence from any prior litigation involving Defendants or the Accused Products. Even when used for such excepted purposes, the Parties will not solicit testimony that describes the context of the prior litigation or the outcome of the prior litigation.

This motion *in limine* was **GRANTED**. However, this motion *in limine* shall not preclude an expert from relying on the substance of information from prior litigation without attributing such information to the prior litigation. (*See* Dkt. No. 206 at 72:20–74:10)

Defendants' Common MIL No. 11: The Parties will not offer, solicit, or refer to testimony, evidence, or argument regarding any findings, holdings, or adjudications in/from: (a) *Implicit Networks, Inc. v. Juniper Networks, Inc.*, No. 3:10-cv-04234-SI (N.D. Cal.); (b) *Implicit Networks, Inc. v. F5 Networks, Inc.*, No. 3:10-cv-03365-SI (N.D. Cal.); (c) *Implicit, LLC. v. F5 Networks, Inc.*, No. 3:14-cv-02856-SI (N.D. Cal.); (d) any appeals related to the cases identified in paragraphs 2 (a-c); (e) *Packet Intelligence, LLC v. NetScout Systems, Inc., et al*, 2:16-cv-230-JRG (E.D. Tex.); or (f) any re-examination proceedings relating to the Asserted Patents or related patents.

This motion *in limine* was **GRANTED**. (Dkt. No. 206 at 70:9–12.)

NetScout's MIL No. 12: Preclude Implicit from soliciting or putting on testimony or evidence relating to sales of Arbor or GeoProbe products prior to July 2015.

This motion *in limine* was **WITHDRAWN** by NetScout. (Dkt. No. 206 at 84:13–14.)

Sandvine's MIL No. 13: Preclude Implicit from soliciting or putting on testimony or evidence relating to venue, including briefing and declarations made in support of Sandvine's motion to dismiss.

This motion *in limine* was **WITHDRAWN** based upon the agreement memorialized by the MIL Stipulations.

**IV. Exhibits**

The Parties represented to the Court that all exhibit disputes between the Parties had been resolved. The Court **ORDERED** the Parties to jointly submit a final list of pre-admitted exhibits. (Dkt. No. 206 at 102:13–17.)

**So Ordered this**

**Nov 21, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE